James **CARFAGNO, Jr.,** Alfred Thompson, Joel W. Price, Kacey Denoi, Cecelia S. Hitte, Owen F. Bailey, Judith Moran, and Charles Proctor, on behalf of themselves and on behalf of other individuals similarly situated who are interested in practicing law in Arkansas, Plaintiffs,

v.

Carlton **HARRIS,** in his capacity of Chief Justice of the Arkansas Supreme Court, George Rose Smith, J. Fred Jones, Frank Holt, Elsijane T. Roy, John A. Fogleman, and Conley Byrd, in their capacities as Associate Justices of the Arkansas Supreme Court and the Arkansas Supreme Court, Defendants.

Civ. No. LR 76 C 373.

United States District Court,
E. D. Arkansas, W. D.

May 10, 1979.

Philip Kaplan, Little Rock, Ark., for plaintiffs.

W. Russell Meeks, III, Deputy Atty. Gen., Little Rock, Ark., for defendants.

## MEMORANDUM AND ORDER

VAN SICKLE, District Judge.

This is a civil action arising under 42 U.S.C. § 1983 to protect rights given to the Plaintiffs by the first and fourteenth amendments to the Constitution of the United States. The Plaintiffs seek a declaratory judgment and injunctive relief. The facts involved in this case were stipulated and the case was submitted to the Court on cross motions for summary judgment.

In January of 1976, Plaintiff James Carfagno graduated from the University of Arkansas Law School in Fayetteville. He applied for permission to take and he did pass the spring 1976 bar examination. He received a letter on March 16, 1976 from the Arkansas Bar Association, a voluntary organization having no authority with respect to admission to the practice of law in Arkansas, informing him that he had "qualified for admission to the Bar of the State of Arkansas."

Amendment 28 to the Constitution of the State of Arkansas states that "the Supreme Court shall make rules regulating the practice of law and the professional conduct of attorneys at law." Pursuant to that authority, the Arkansas Supreme Court has established the requirements and standards for admission to the Bar of Arkansas and they remain the real and final authority for licensure for admission to practice law in the State of Arkansas. One of the requirements established by the Arkansas Supreme Court is the completion of a "Certificate and Oath of Applicant for Admission to the Bar of Arkansas."

On March 31, 1976, Carfagno complied with the requirements of the Certificate and Oath, except that he declined to answer two of its questions. These two questions are as follows:

1) "Are you now, or have you at any time been, a member of the Communist party?"

2) "Are you now, or have you at any time been, a member or supporter of any party, organization, or group that believes in

or teaches the overthrow of the United States Government by force or by any illegal or unconstitutional methods?"

Along with the Certificate and Oath, Carfagno submitted a "Memorandum Brief in Support of Petition for License", in which he set forth his legal position for refusing to answer the questions.

The Arkansas Supreme Court denied Carfagno's application because of his "failure to answer all the questions propounded on the prescribed form of application." Carfagno was not allowed to participate in the formal admission ceremony held on April 5, 1976. On April 7, 1976, Carfagno complied in full with the requirements of the Certificate and Oath by answering the two questions and was subsequently admitted to the Arkansas Bar.

On November 15, 1976, Carfagno along with several individuals who in the future planned to seek admission to the Bar of the State of Arkansas filed the complaint against the Arkansas Supreme Court and each of its members. The action was brought as a class action seeking a declaration that the questions referred to above offend the first and fourteenth amendments to the Constitution of the United States. Since 1976, all of the named Plaintiffs have answered the questions and are now practicing law. However, a third year law student, Arnold Goodman, has intervened stating he will apply for and take the Arkansas Bar Examination and does not wish to respond to the two questions. Goodman asserts that he is willing to respond to all other questions on the character questionnaires, which set forth extensive personal history data.

The Arkansas Supreme Court continues to require an answer to all questions as a condition of admission to the Arkansas Bar. The court's avowed purpose and intent in propounding the questions in controversy is to enable the court to "investigate further" into past and present activities of persons applying for admission to the Bar of Arkansas.

To proceed as a class action, this action must satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. Rule 23(a) establishes four prerequisites to maintenance of a class action: 1) the class is so numerous that joinder of all members is impracticable; 2) there are questions of law or fact common to the class; 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and 4) the representative parties will fairly and adequately protect the interests of the class. In this case there is but one issue applicable to every member of the class and the remedy sought, the elimination of the two questions, is identical for each member. The goal creates no conflict in any of the class members and the number of persons who apply for the bar each year prevents individual litigation and renders individual litigation repetitive, costly, and a significant burden on the judicial system. The Rule 23(a) requirements of numerosity, commonality of issues, and typicality are satisfied. I also find that the interests of the class are being fairly and adequately protected by the named Plaintiffs. They have a common interest with the unnamed members of the class and they are prosecuting this interest through qualified counsel.

It must next be determined whether or not the action is maintainable as a class action under any of the subdivisions contained in Rule 23(b). Although I feel this action would qualify for class action treatment under *any* of the subdivisions of Rule 23(b), it best falls within Rule 23(b)(2). An action may be maintained as a class action under Rule 23(b)(2) if:

"the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."

The issue and remedy sought in this action are so narrowly defined that Rule 23(b)(2) treatment is appropriate. The Sixth Circuit stated in *Senter v. General Motors Corp.*, 532 F.2d 511 (1976), as follows:

"Lawsuits alleging class-wide discrimination are particularly well suited for

23(b)(2) treatment since the common claim is susceptible to a single proof and subject to a single injunctive remedy." *Id.* at 525.

Thus, I find that the requirements of Rule 23 are satisfied and that this action qualifies as a class action.

I find the questions of mootness, judicial immunity, exhaustion, and abstention to be meritless.

The Plaintiffs contend that the two questions on the Certificate and Oath offend the constitution. They contend that the questions focus impermissibly on the political activities and viewpoints of bar applicants, that the questions thereby operate to inhibit the exercise of protected expressive and associational freedoms by law students and others that make up the class, and that this chilling effect is not justified as a necessary impact of the system designed to weed out bar applicants who are unfit to practice law.

■ The state may not subject a person to a civil disability for mere membership in a particular organization. *Baird v. State Bar of Arizona*, 401 U.S. 1, 6, 91 S.Ct. 702, 27 L.Ed.2d 639 (1971). A person's beliefs and associations are protected by the first amendment. However, the state may exclude a person from a profession for membership in a subversive organization if the individual has knowledge of its unlawful purposes and the specific intent to further those purposes. *Law Students Research Council v. Wadmond*, 401 U.S. 154, 165, 91 S.Ct. 720, 27 L.Ed.2d 749 (1971). Similarly, the first amendment limits the power of the state to make inquiries about an individual's beliefs and associations. Broad and sweeping inquiries into these protected areas discourage citizens from exercising rights protected by the Constitution. "When a State seeks to inquire about an individual's beliefs and associations a heavy burden lies upon it to show that the inquiry is necessary to protect a legitimate state interest." *Baird v. State Bar of Arizona*, 401 U.S. 1, 6–7, 91 S.Ct. 702, 706, 27 L.Ed.2d 639 (1971). However, "The Court has held that under some circumstances simple inquiry into present or past Communist Party membership of an applicant for admission to the Bar is not as such unconstitutional. *Konigsberg v. State Bar*, 366 U.S. 36, 81 S.Ct. 997, 6 L.Ed.2d 105; *In re Anastaplo*, 366 U.S. 82, 81 S.Ct. 978, 6 L.Ed.2d 135." *Baird v. State Bar of Arizona*, 401 U.S. 1, 9, 91 S.Ct. 702, 707, 27 L.Ed.2d 639 (1971). Thus, though broad inquiries into a person's beliefs or associations are disfavored because they discourage the exercise of first amendment rights, inquiries concerning Communist affiliation may be justifiable on the grounds of a legitimate state interest.

■ The first question that the Plaintiffs feel is objectionable asks, "Are you now, or have you at any time been, a member of the Communist party?" In *Konigsberg v. State Bar*, 366 U.S. 36, 81 S.Ct. 997, 6 L.Ed.2d 105 (1961), the Supreme Court held that a state may inquire into a bar applicant's membership in the Communist Party under similar circumstances to those presented in this case. The Court stated:

"As regards the questioning of public employees relative to Communist Party membership it has already been held that the interest in not subjecting speech and association to the deterrence of subsequent disclosure is outweighed by the State's interest in ascertaining the fitness of the employee for the post he holds, and hence that such questioning does not infringe constitutional protections. With respect to this same question of Communist Party membership, we regard the State's interest in having lawyers who are devoted to the law in its broadest sense, including not only its substantive provisions, but also its procedures for orderly change, as clearly sufficient to outweigh the minimal effect upon free association occasioned by compulsory disclosure in the circumstances here presented."

*Id.* at 52, 81 S.Ct. at 1007–1008 (citations omitted).

The Supreme Court also upheld, as appropriate, inquiries into Communist Party

membership in *In re Anastaplo*, 366 U.S. 82, 81 S.Ct. 978, 6 L.Ed.2d 135 (1961) as follows:

> "We have also held in *Konigsberg* that the State's interest in enforcing such a rule as applied to refusals to answer questions about membership in the Communist Party outweighs any deterrent effect upon freedom of speech and association, and hence that such state action does not offend the Fourteenth Amendment."

*Id.* at 89, 81 S.Ct. at 983.

Thus, to inquire into Communist Party membership, there must be a legitimate government purpose. In view of the lawyer's position of trust and confidence and in view of the lawyer's position of authority, the government has a legitimate purpose in asking the question "Are you now, or have you at any time been, a member of the Communist Party?"

■ The second question challenged by the Plaintiffs asks, "Are you *now*, or have you at any time been, a member or supporter of any party, organization, or group that believes in or teaches the overthrow of the United States Government by force or by any illegal or unconstitutional methods?" This question *does* offend the first amendment of the Constitution in that it is overbroad.

The first amendment protects political activities. Arkansas cannot constitutionally exclude a bar applicant for membership in an organization advocating forcible overthrow of the government unless he knew of these aims and he had a specific intent to help bring them about. *Law Students Research Council v. Wadmond*, 401 U.S. 154, 165–166, 91 S.Ct. 720, 27 L.Ed.2d 749 (1971). Because of this, any question asking about membership in an organization that advocates forcible overthrow of the government must be limited to those organizations whose aims he knew and had a specific intent to bring about. The question objected to asks only of membership and does not include the "knowledge" or "specific intent" requirements. Thus, the second question is overbroad and invalid because it violates the expressive and associational freedoms guaranteed by the first amendment.

Based on the foregoing, I find that the question "Are you now, or have you at any time been, a member of the Communist Party?" does not offend the Constitution of the United States. I further find that the question "Are you now, or have you at any time been, a member or supporter of any party, organization or group that believes in or teaches the overthrow of the United States Government by force or by any illegal or unconstitutional method?" does offend the first amendment of the Constitution of the United States and the Defendants shall be enjoined from asking this question of persons seeking admission to practice law in Arkansas.

Counsel for the Plaintiffs will forthwith prepare and submit an appropriate form of judgment in conformity herewith.

This memorandum and order is deemed to satisfy the requisites of Rule 52, Federal Rules of Civil Procedure.